IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL DUCHELLE GREEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:21cv00165 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| NURSE JONES, *et al.*, ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendants. ) | |

Plaintiff Michael Duchelle Green a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against Nurse Rogers and other defendants, alleging that he was denied adequate medical treatment. This matter is before the court on Defendant Nurse Rogers's motion to dismiss.[1] Having considered the pleadings, the court concludes that Green has failed to state a claim against Nurse Rogers and will grant her motion to dismiss.

I.

In his second amended complaint (ECF No. 56), Green complains that he was denied adequate medical treatment for his knee, shoulder, and neck during his incarceration at the Lynchburg Adult Detention Center. Although Nurse Rogers is listed as a defendant to the action, Green alleges no facts against or conduct committed by her in his second amended complaint.[2]

---

[1] The other defendants have filed motions for summary judgment that the court will address separately. (*See* ECF Nos. 81 & 86.)

[2] The court notes that, although they are not active complaints, neither Green's original complaint (ECF No. 1) nor his first amended complaint (ECF No. 20) allege any facts against or conduct committed by Nurse Rogers either.

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Id.*; *see Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. Feb. 8, 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

### III.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). Green has not alleged sufficient facts for the court to determine that defendant Nurse Rogers was deliberately indifferent to any serious medical need. In fact, Green makes no mention of Nurse Rogers anywhere in his second amended complaint. Therefore, the court concludes that Green has failed to state a cognizable § 1983 claim against Nurse Rogers.

## IV.

For the reasons stated, the court will grant Nurse Rogers's motion to dismiss Green's complaint against her. The court notes that this action remains pending against Doctor Lue and Nurse Jones.

The clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 26th day of August, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE