IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL DUCHELLE GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21cv00165 |
| | ) | |
| v. | ) | **<u>ORDER</u>** |
| | ) | |
| NURSE JONES, *et al.*, | ) | By:  Hon. Thomas T. Cullen |
| | ) |      United States District Judge |
| Defendants. | ) | |

---

Plaintiff Michael Duchelle Green, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging that he was denied adequate medical treatment while he was incarcerated at the Lynchburg Adult Detention Center. By ordered entered November 5, 2021, United States Magistrate Judge Pamela Meade Sargent denied Green's motion to amend his complaint to add a new defendant after determining that Green had not stated a viable § 1983 claim against the proposed new defendant. (*See* ECF No. 77.) Green now seeks reconsideration the denial of his motion to amend. (ECF No. 78.) Finding no reason to grant the motion, the court will deny it.[1]

Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires. But leave to amend a pleading should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). In his motion to amend, Green wanted to add Administrator Joshua Salmon as a

---

[1] Although styled as a motion for reconsideration, the motion is properly before the court as an objection to the magistrate judge's order. Fed. R. Civ. P. 72(a). Under that rule, "the district judge . . . must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

defendant. Green alleged generally that "jail and prison administrators are charged with the responsibility of ensuring the safety and medical needs of the inmates that he has an obligation of taking care of." (ECF No. 78.) He also alleged that the "medical policies and protocol of [the] Blue Ridge Regional Jail Auth[ority] are at the discretion of" Salmon, as the administrator of that facility. (*Id.*) Green sought $1 million in compensatory and punitive damages from Salmon.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). It is well established that a supervisory government official cannot be held liable under § 1983 for the actions of his subordinates solely on the basis of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978). Nevertheless, a supervisory official may be liable for his subordinate's acts if the supervisor himself bears personal responsibility for those acts. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Liability in this context is not premised on *respondeat superior*, but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984).

In order to prevail on a claim for supervisory liability, a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that [his] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's

- 2 -

inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Establishing a "pervasive" and "unreasonable" risk of harm under the first element requires evidence that the conduct is widespread, or at least has been used on several different occasions, and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury. *Slakan v. Porter*, 737 F.2d 368, 373−74 (4th Cir. 1984). A plaintiff may establish deliberate indifference by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses." *Id.* at 373. Overall, "[t]he plaintiff . . . assumes a heavy burden of proof in supervisory liability cases," for "[h]e must not only demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" *Id.* at 372 (quoting *Orpiano v. Johnson*, 632 F.2d 1096, 1101 (4th Cir. 1980)) (alteration in original). "[H]e cannot satisfy [this] burden of proof by pointing to a single incident or isolated incidents." *Id.*

Having reviewed Green's motion to amend, the court agrees with the magistrate judge's determination that Green's allegations fail to state a viable § 1983 claim against Salmon. Green identifies no action (or inaction) by Salmon other than to generally allege that he is "responsib[le]" for the inmates within the Blue Ridge Regional Jail Authority facilities. This is not enough to establish liability of Salmon and, thus, his motion to amend would be futile. Accordingly, it is hereby **ORDERED** that Green's motion for reconsideration (ECF No. 78) is **DENIED**.

The Clerk is directed to send copies of this Order to the parties.

**ENTERED** this 26th day of August, 2022.

_/s/ Thomas T. Cullen_
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE