IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL DUCHELLE GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21cv00165 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NURSE JONES, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Defendants. | ) | |

___

Plaintiff Michael Duchelle Green, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging that he was denied adequate medical treatment while he was incarcerated at the Lynchburg Adult Detention Center ("LADC"). By ordered entered November 8, 2021, United States Magistrate Judge Pamela Meade Sargent denied, without prejudice, Green's motion seeking discovery of "any and all" tablet records from the LADC after finding that Green had "not established that the records requested [were] relevant to his claims and because [Green] ha[d] not identified the requested records with enough specificity." (Minute Order, Nov. 8, 2021 [ECF No. 77].) Green has filed a motion objecting to the magistrate judge's denial of his discovery motion. (ECF No. 79.) Finding no error in the magistrate judge's ruling, the court will deny Green's motion. *See* Fed. R. Civ. P. 72(a) (noting that, when a party objects to the non-dispositive ruling of a magistrate judge, "the district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or contrary to law").

In his motion for reconsideration, Green states that he needs "the tablet records" because "every request, grievance and medical request put in has to be put in on a tablet" and

he will use them to "to fight a successful jury trial" as evidence for "prove of grievance procedure and medical request [*sic*]." (*Id.*)

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Where a discovery request is overly broad or unduly burdensome on its face, "the proponent of discovery bears the burden of establishing its relevance." *Garey v. James S. Farrin, P.C.*, No. 1:16cv542, 2019 U.S. Dist. LEXIS 218962, at *43 n.13 (M.D.N.C. Dec. 20, 2019) (quoting *Harford Mut. Ins. Co. v. Agean, Inc.*, No. 1:09CV461, 2011 WL 2295036, at *7 (M.D.N.C. June 8, 2011).

Having reviewed Green's discovery and objection motions, the court agrees with the magistrate judge's determination. Green has not established that "any and all" tablet records of the LADC are either relevant to his claims or proportional to the needs of the case. Accordingly, it is hereby **ORDERED** that Green's motion (ECF No. 79) is **DENIED**.[1]

The Clerk is directed to send copies of this Order to the parties.

**ENTERED** this 8th day of September, 2022.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that the magistrate judge denied Green's discovery request without prejudice to his opportunity to seek related records with greater specificity, assuming they are relevant to the claims and proportional to the needs of the case. (*See* ECF No. 77.) Green is still free to make an appropriate request.